**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELANIE SANCHEZ, | Case No. 1:25-cv-01267 JLT CDB |
| Plaintiff, | ORDER GRANTING MOTION TO |
| v. | REMAND (Doc. 4) |
| WAL-MART ASSOCIATES, INC., et al., | |
| Defendants. | |

Melanie Sanchez moves to remand her case against defendants Wal-Mart Associates, Inc. and Rafael Comparan to state court. (Doc. 4.) As explained in this order, Walmart has not carried its burden to show Comparan is a "sham" defendant under the "fraudulent joinder" doctrine, so the Court cannot disregard Comparan's California citizenship, and the motion must be **GRANTED**.

## BACKGROUND

Sanchez alleges she broke her ankle and knee when she fell from a ladder-cart while stocking shelves at her job at a Walmart store in 2023. (Doc. 1-1 at 5–6.) Comparan, her supervisor, told her to leave her shift early and go to the emergency room. (*Id.* at 6.) When she returned to work, she gave Comparan a doctor's note, which said that she should take a few days off to recover, but could then do her usual job with a few temporary restrictions until her knee and ankle healed. (*Id.*) According to her complaint, Comparan responded that "Walmart does not

1

accept doctors' notes." (*Id.*)  He warned her that if she did not come to work when she was scheduled, she would lose her job.  (*Id.* at 6–7.)  She went home to recover and was fired for missing work a few days later.  (*Id.* at 7.)

Sanchez then filed this lawsuit in state court.  (*See id.* at 2.)  Her complaint includes eleven claims, all under California law, including claims for disability discrimination, harassment, retaliation, wrongful termination, failure to comply with the Labor Code, and unfair competition.  (*See id.* at 7–19.)  All but one of these claims is against Walmart only.  (*See id.*)  Sanchez names Comparan as a defendant in one claim, the first claim, which unrelated to her injuries and is based on Walmart's alleged failure to offer duty-free meal breaks in violation of the Labor Code.  (*See id.* at 7–8.)  Sanchez seeks more than $600,000 in compensatory damages, punitive damages, civil penalties, interest, costs, attorneys' fees, and other relief.  (*See id.* at 19.)

Walmart removed the case to this Court based on its allegations that more than $75,000 was in dispute, that the company was a citizens of a different state than Sanchez, and that the allegations against Comparan were a "sham" under the "fraudulent joinder" doctrine, such that his California citizenship was irrelevant.  (*See* Doc. 1 at 3–10.)  Sanchez now moves to remand the case to state court.  (Doc. 4.)  Although she did not name Comparan as a defendant in her harassment and retaliation claims, she argues that she could pursue "colorable claims for harassment and retaliation" against him under the California Fair Employment and Housing Act.  (*Id.* at 8.)  If that is true, then his California citizenship cannot be disregarded, and the case must be remanded, given his and Sanchez's shared California citizenship.  *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  Walmart opposes the motion.  (Doc. 5.)  It does not respond to Sanchez's argument that she could pursue a viable harassment or retaliation claim against Comparan.  (*See id.* at 8–11.)  It argues only that she cannot prove that he is personally liable for preventing her from taking duty-free meal breaks.  (*See id.*)

**DISCUSSION**

A defendant can remove a case to federal court if the federal court would have had original jurisdiction.  28 U.S.C. § 1441(a).  The federal diversity jurisdiction statute gives federal district courts original jurisdiction over cases in which the amount in controversy is greater than

$75,000 and the citizenship of each plaintiff differs from the citizenship of each defendant, i.e., when there is "complete diversity." *Grancare*, 889 F.3d at 548 (citing 28 U.S.C. § 1332(a)(1)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*

One way a removing defendant can show that a non-diverse defendant has been "fraudulently" joined is by proving that person "cannot be liable on any theory." *Id.* (quoting *Ritchey*, 139 F.3d at 1318). But this is a "'heavy burden,' since there is a 'general presumption against finding fraudulent joinder.'" *Id.* (alteration omitted) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "[I]if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1044). As some district courts have put it, a claim is not a sham if there is even a "glimmer of hope" that the plaintiff could prevail. *Larrea v. Walmart Inc.*, No. 25-03091, 2026 WL 622299, at *2 (C.D. Cal. Mar. 4, 2026) (quoting *Gonzalez v. J.S. Paluch. Co.*, No. 12-8696, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013)).

For example, if a plaintiff could potentially amend the complaint to assert a viable claim against the non-diverse defendant, then that defendant was not fraudulently joined. *See id.* at 550. Federal district courts have often remanded cases—including in several recent disputes involving Walmart itself—when it appears that a plaintiff could pursue a viable claim against a non-diverse defendant, with a clarifying amendment if necessary. *See, e.g.*, *id.* at *3–4; *Xie v. Wal-Mart Assocs., Inc.*, No. 25-00091, 2025 WL 1135082, at *3–4 (N.D. Cal. Apr. 17, 2025); *Doroteo v. Walmart, Inc.*, No. 24-3070, 2024 WL 1972875, at *2–3 (C.D. Cal. May 3, 2024); *Gamez v. Walmart, Inc.*, No. 23-04166, 2023 WL 4851342, at *2 (C.D. Cal. July 28, 2023).

Walmart has not carried its heavy burden in this case. It has not demonstrated that Sanchez cannot state a viable harassment or retaliation claim against Comparan. To the contrary, it elected not to respond to Sanchez's argument that her allegations could support a viable harassment or retaliation claim against Comparan, effectively conceding that she could. *See, e.g.*, *Chang v. County of Siskiyou*, No. 22-01378, 2024 WL 4581687, at *11 (E.D. Cal. Oct. 25, 2024)

3

("In this district, as in others, the failure to respond to an argument is a waiver of any opposition to that argument. . . . The failure to make an argument can even be construed as a silent concession that the opposing party is correct.").

Because Comparan is not a "sham" defendant, the Court cannot disregard his California citizenship, the parties are not diverse, and the case must be remanded.  It is not necessary to decide whether Sanchez could also pursue a claim against him under the Labor Code or another theory, and the Court does not reach those questions.

<strong>CONCLUSION</strong>

The motion to remand (Doc. 4) is **GRANTED**.  This case is **REMANDED** to the Superior Court of the State of California in and for the County of Kern.

Plaintiff's request for an award of fees under 28 U.S.C. § 1447(c) is **DENIED**.  *See Grancare*, 889 F.3d at 552 ("Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

IT IS SO ORDERED.

Dated:   **April 23, 2026**

UNITED STATES DISTRICT JUDGE